CATHERINE BARKLEY. AND LUMAN BARKLEY, ADM'RS, ETC.,

V.

CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COM-PANY.

*Railroads—Negligence—Personal Injuries—Trespassers.*

1.   The fact that a trespasser upon an engine has been in the habit of riding thereon and that the servants of the company owning the same have taken no measures to prevent it, does not create an obligation of care for his safety on the part of such company.

2.   Neither will the grossest carelessness in the operation of such engine, or the rate of speed in which it may be run, give such person any claim against the company for injuries suffered therefrom.

[Opinion filed November 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. JOHN M. HAMILTON, for appellants.

Messrs. WALKER & EDDY, for appellee.

MORAN, P. J.   Appellants' decedent, a laboring man in no way connected with the appellee company, was, on the 30th of April, 1887, riding on the front foot-board of a switch engine

belonging to appellee and operated by its servants, on which he had jumped, with other workmen, who were returning from their work at the stock yards, north, toward the city. It was customary for laborers going to and from their work to get upon these switch engines, and while it was against the rules of the company that they should do so, the engineers and fire-men operating the engines, though not inviting them on, were not in the habit of keeping or forcing them off. The engine on which deceased was riding was run by the engineer at a rapid and unusual rate of speed over the crossing of 26th street, and crashed into a guard gate which was at the time swung across the stock yards track on which said engine was running, so that the gate was sent flying in pieces in differ-ent directions and deceased was knocked off the engine and run over and instantly killed. The evening was clear, and the guard gate swung across the track could be plainly seen for a long distance south on the stock yards track. The engineer knew or could easily have known that deceased was with one or two other men riding on the front foot-board, and that there were several others on the rear foot-board. When on the trial in the court below, evidence tending to establish the foregoing facts had been introduced and the plaintiff rested, the judge instructed the jury, at the request of defend-ant's attorney, to return a verdict for the defendant. This action of the court is assigned for error. We think the direction was proper.

The fact that the deceased and others had been in the habit of riding upon appellee's engines, and that the servants of appellee in charge of them took no measures to prevent their doing so, did not change the relative rights of deceased and the company. Deceased must be held to have known that the engine foot-board was not provided for him or others not in the service of the company to ride on, and that when he got upon it with the intention of being gratuitously carried, he did not thereby create an obligation of care for his safety on the part of the company. He was simply a trespasser, to whom the company owed no duty of care as to the running or management of the engine. If he chose to ride upon it, he

took all risks as to the manner in which it should be run or managed, and in our opinion not even the most gross carelessness in its operation, or in the rate of speed at which it might be run, would give him any claim against the company for injury coming to him through such operation or rate of speed.

We understand this doctrine to be fully established by repeated decisions of our Supreme Court. I. C. R. R. Co. v. Hetherington, 83 Ill. 510; I. C. R. R. Co. v. Godfrey, 71 Ill. 500; Abend v. T., H. & I. R. R. Co., 112 Ill. 202.

In C. & A. R. R. Co. v. Michie, 82 Ill. 427, where a person who was riding on the engine by permission of the engineer was killed in a collision which could not have happened except by the gross carelessness of some servant of the company, in operating the trains which collided, the Supreme Court held, reversing the judgment of the lower court, that deceased being upon the engine where he had no right to be, " willingly took his chances of just such an accident as did happen, and for the consequences of which" the company was not responsible.

Counsel for appellant relies upon certain language of the court in L. S. & M. S. R. R. v. Brown, 120 Ill. 162, to support his contention in this case, but there the facts showed that the person who was riding on the engine sustained to the company the relation of passenger, and was entitled to the exercise of such care for his safety as that relation requires. The language of the court is to be restricted by the facts of the case in which it was used.

An extended discussion of the various cases would serve to throw no light on the principles which govern this case.

The facts made no case for the jury, and the action of the court was proper and must therefore be affirmed.

*Judgment affirmed.*