## Alfred H. Gross, Adm., v. South Chicago City R'y Co.

1. NEGLIGENCE—*Some Duty not Performed.*—The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been performed.

2. STREET RAILROADS—*Duty as to Overhead Wires.*—The law does not require a street railroad operated by electricity and using a wire suspended in the street to anticipate every possible circumstance, or state of facts liable to occur, which would make it dangerous to string the wire at a particular height, but only that such wire should be so placed as to be reasonably safe for the passage of persons who have a right to pass under it, not for persons who, for their own convenience or pleasure, see fit to pass under it by other than the usual and ordinary methods of travel or business.

Trespass on the Case, death from negligent act. Error to the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 17, 1898.

KING & GROSS, attorneys for plaintiff in error.    ANDREW J. HIRSCHL of counsel.

The following authorities under varying circumstances all indicate that a person is not to be deprived of his right, even if he be a trespasser, provided that it be found that the defendant was negligent, and at such

time and place as should have allowed him to anticipate that other persons might be present, and that his negligence might result in injury to them. Davis v. C. & N. W. R. R. Co. (Wis.), 15 A. & E. R. R. C. 424; 1 Beven on Negligence (2 Ed.), 509, note 4; 3 American Negligence Cases, 757; 1 American Negligence Cases, 82; Norris v. Litchfield, 35 N. H. 277; Buswell, Law of Personal Injuries, 94 and note 4; Spofford v. Harlow, 3 Allen (Mass.), 178.

The uniform holdings in this State are that where even a solid structure like a bridge is built above an intersecting railroad right of way, that the question whether the bridge should be higher or whether the person who by such bridge is knocked from the top of the car was himself guilty of negligence, are both questions for the jury. If, then, with a bridge that any man can see and see with a great deal of precision, the question is still for the jury whether he was negligent in striking against such bridge, how much more so should it go to the jury under the circumstances in this case—a mere boy sixteen years of age, not greatly experienced, striking himself against this deceitful wire. A presumption arises as to his carefulness. See I. C. R. R. Co. v. Norwicki, 148 Ill. 29.

The following cases hold concerning bridges as we here state. Cleveland, C. C. & St. L. R. R. Co. v. Walter, 45 Ill. App. 642; 147 Ill. 60; Chicago & A. R. R. Co. v. Matthews, 48 Ill. App. 361; Chicago & A. R. R. Co. v. Johnson, 116 Ill. 206; City of Fort Scott v. Peck (Kan.), 49 Pac. Rep. 111.

The following cases so hold as to other obstacles, all of which are more readily perceptible than a wire strung in mid air: Shed near railroad track—Whalen v. Illinois & St. L. R. R. & C. Co., 16 Ill. App. 320; 19 Ill. App. 116; awning—Ill. Central R. R. Co. v. Welch, 52 Ill. 183; catcher for mail sacks—Chicago, B. & Q. R.

R. Co. v. Gregory, 58 Ill. 272; telegraph pole—Chicago
E. I. R. R. Co. v. Russell, 91 Ill. 298; water-spout—
Ohio, I. & W. R. R. Co. v. Johnson, 31 Ill. App. 183.

S. A. LYNDE, attorney for defendant in error.

That a person is guilty of contributory negligence,
who needlessly and without any business or right to
do so rides on top of a freight car, is a proposition
that hardly needs citation of authorities. I refer,
however, in support of the proposition to the follow-
ing: Beach on Contributory Negligence, Sec. 17;
Elliott on Railroads, Sec. 1632; Hutchinson on Car-
riers, Sec. 661; R. R. Co. v. Miles, 40 Ark. 298; R. R.
Co. v. Jones, 95 U. S. 439; R. R. Co. v. Lindly, 42
Kan. 714; Glover v. Scotten, 82 Mich. 369.

And it is only when evidence has been introduced
that tends to show some excuse or reason for the plain-
tiff's being in this dangerous position, that it has been
held that there was any question of fact as to his con-
tributory negligence that required the determination
of a jury. As for instance in McCorkle v. C., R. I. &
P. R'y Co., 61 Iowa, 555; Playor v. B., C. R. & N.
R. R. Co., 12 Am. and Eng. R. R. Cas. 112; C., M.
& St. P. R. R. Co. v. Carpenter, 56 Fed. Rep. 451.

But where, as in the case at bar, the evidence shows
conclusively, in the sense that there can be no question
of fact about it—that there is nothing that tends to
show any right or excuse on plaintiff's part for being
on the top of the train, or, for that matter, on the train
at all—that the plaintiff was guilty of contributory
negligence, it is not necessary to submit the case to a
jury, and the court may properly direct a verdict for
the defendant. Block v. Swift & Co., 58 Ill. App.
354; Abend v. Terre H. & I. R. R. Co., 111 Ill. 202;
Lake S. & M. S. R'y Co. v. Johnsen, 135 Id. 641.

The defendant, in stringing its wires, owed no duty
to those who had no right or business upon or about
trains which might be operated under such wire.   The
only duties which the defendant owed in stringing its
wire were to conform, in the first place, to the condi-
tions that might be prescribed by the city of Chicago,
from whose consent it derived its sole power to place
this wire upon the street and operate cars thereon with
respect to the height of the wire and the position of
the wire on the street; and, secondly, to place its wires
at such height above the railroad tracks at this cross-
ing that those who were engaged in the ordinary opera-
tion of trains that might pass under it would not be
exposed to danger because of the wire.   It did not,
however, owe a duty in law to those who might, with-
out any right or authority or business, be on such
trains exposing themselves to the danger of coming in
contact with its wire.   Clark v. City of Richmond, 83
Va. 355; Augusta R'y Co. v. Andrews, 89 Ga. 653.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE
COURT.

Plaintiff in error brought suit against defendant in
error and two steam railroad companies to recover for
alleged negligence which caused the death of one Her-
man Schneegas, who was sixteen years of age at the
time of his death, June 15, 1894.   The Baltimore &
Ohio Railroad Company owned railroad tracks which
crossed Ewing avenue, in the city of Chicago, the
place where deceased was killed.   Two other railroad
companies also owned and operated railway tracks
which crossed Ewing avenue at the same place.   By
consent of the B. & O. R. R. Co., the Chicago & Calu-
met Terminal R. R. Co. used and was accustomed to
use the tracks of the former company in operating the
trains of the latter company at that time.   The Calu-

met Company, besides ordinary freight cars, was in the habit of running in its trains on said tracks,—high box cars, or what are known as barrel cars, which are from eighteen inches to two feet or more higher than the ordinary freight car.

Defendant in error for one year and upwards prior to and on June 15, 1894, operated an electric line of railway along Ewing avenue, and strung its trolley wire, which was from one-half to one inch in diameter, across the tracks of the B. & O. R. R. Co. at Ewing avenue, at a height of twenty feet and one inch above the tracks, but it does not appear by what authority, whether of the city or otherwise.

Deceased was a helper in the employ of the Rock Island Railroad Company, and was in the habit of riding back and forth between South Chicago and Whiting, Indiana, on the freight trains of the Calumet Company, without objection by the trainmen. His brother was a switchman on the B. & O. R. R. Co. On the day of the accident deceased and a switchman in the employ of the Calumet Company boarded, near its head while moving, a freight train of said company consisting of about fifty cars, being ordinary box cars and tank cars, except one, which was a barrel car about two feet higher than the ordinary box car. This barrel car was the "second hind" car of the train. When this train—the rear end of it—was crossing Ewing avenue, two of the train men (one the conductor) were sitting on the front end (toward the engine) of the barrel car, and deceased stood on the same car back of these men and facing the engine. The train was going eight to ten miles per hour, and the time was between 11 and 12 o'clock in the day. The trolley wire was large enough to be readily seen by any one of ordinary eyesight. Deceased's eyesight was very good. There was about six feet between the top of the ordi-

nary freight car and this wire, and about four feet between it and the top of the barrel car. Deceased as he stood on the barrel car was struck about the breast by the wire, thrown off between the cars, and so injured that he died. The negligence alleged as against defendant in error, was in stringing its wire over the railway tracks so low as to make it unsafe and dangerous for persons passing over the tracks on the top of barrel cars. At the close of the evidence for plaintiff in error, the trial court of its own motion ordered a nonsuit as to the two steam railroad companies, and upon motion of defendant in error, instructed a verdict as to it of not guilty. No question is made as to the nonsuit, but it is claimed only that the court erred in taking the case from the jury and in entering judgment for defendant in error.

It is claimed in argument that the trial court instructed for defendant in error because deceased was guilty of contributory negligence which caused the accident. The record fails to show such was the basis of the court's ruling, and we are not prepared to hold but that the law, under the facts shown, would justify the judgment of the court in that regard. Deceased was not in the performance of any duty, and had no right to be on the train. Elliott on Railroads, Sec. 1632; R. Co. v. Miles, 40 Ark. 298–322, and cases cited; R. Co. v. Lindley, 42 Kan. 714–23, and cases cited; Barkley v. Ry. Co., 37 Ill. App. 293, and cases cited; Abend v. Terre H. & I. R. R. Co., 111 Ill. 202.

However, even if it be conceded that deceased did exercise ordinary care, before plaintiff in error could recover the facts must show that defendant in error was guilty of negligence which caused the injury.

There must be a duty by defendant in error to deceased, before it can be said it was negligent in string-

ing its wire as it did. Elliott on Railroads, Secs. 466, 472 and 1251; Cooley on Torts, 659–60.

The latter author says: "The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been performed."

The wire in question was strung rightfully, as it must be presumed in the absence of proof to the contrary, at the place of the accident. It was at a sufficient height to permit ordinary freight cars to pass under it with the brakemen standing on them, and so as to leave a space of four feet or more between it and the top of a barrel car. Deceased was five feet, nine or ten inches in height, and the wire struck him on the breast. Defendant in error provided a safe passage for the barrel car with two men sitting upon it. That is all it should have done. The law does not require that it should anticipate every possible circumstance, or state of facts liable to occur, which would make it dangerous to string its wire at the height it did,—only that it should be so placed that it was reasonably safe for the passage of persons who had a right to pass under it, not for persons who, for their own convenience or pleasure, saw fit to pass under it by other than the usual and ordinary methods of travel or business. There were forty-nine other cars in the particular train on which deceased might safely have stood and passed the wire, or sitting on the barrel car he could safely have passed it.

In Cleveland, C. C. & St. L. R'y Co. v. Walter, 147 Ill. 64, with regard to a brakeman sitting on a high car of a train which passed under a bridge, causing his death while in the discharge of his duty, the Supreme Court approved an instruction to the effect that the law did not require the railroad company to build its bridges of such height that its brakemen can stand on the cars and pass under them with safety, and said that the only question was whether the bridge was of sufficient

height that brakemen could discharge their duties with reasonable safety.

Certainly it is plain this wire was high enough to allow deceased to pass safely under it had he been sitting. This was all the duty it could be said defendant in error owed to deceased, if in fact it owed him any duty whatever. He stood upon the barrel car for his convenience or pleasure—not because of the call of duty, or in the exercise of a right to be there, and no obligation rested on defendant in error to protect him from injury, standing on the high car.

The judgment of the trial court is affirmed.