HENRY LOFTON, *Plaintiff in Error*, v. JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, *Defendant in Error*.

1. Where negligence is the basis of an action and a particular single negligent act is alleged as the proximate cause of the injury complained of, and the negligent act as alleged is not proven, there can be no recovery, since the *allegata* and *probata* must correspond in substance.

2. In an action for mere negligence contributory negligence will bar recovery under the common law rules where they have not been modified by statute.

This case was decided by Division A.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Axtell & Rinehart,* for Plaintiff in Error;

*Kay & Doggett, for Defendant in Error.*

WHITFIELD, C. J.—The plaintiff in error brought an action in the Circuit Court for Duval County against the Electric Company to recover damages for personal injuries received by being knocked from the top of a passing freight car of a railroad company by a trolley wire of the defendant company projected over the railroad track. The particular negligence alleged is that the plaintiff "was struck by said trolley wire which the defendant had carelessly and negligently permitted to be and remain broken and loosened from its fastenings and to sag down and to be out of its proper place as aforesaid, and was by said trolley wire knocked off from said freight train" and injured. Trial was had on pleas of not guilty and contributory negligence. The following demurrer to the evidence was interposed: "Come now the defendant, the Jacksonville Electric Company, by Kay & Doggett, its attorneys, and demurs to the evidence herein introduced by and on behalf of the plaintiff, and says that said evidence is insufficient under the law upon which to base a recovery, and, therefore, this defendant prays judgment of the plaintiff thereon.

For the purposes of this demurrer this defendant admits as true all of the evidence introduced with all reasonable deductions and inferences to be drawn therefrom.

Kay & Doggett, Attorneys for Defendant.

Matters of evidence admitted as true with all reasonable deductions and inferences to be drawn therefrom,

that are pertinent to the questions of law raised hereunder.

That Henry Lofton the plaintiff in this case is now of the age of twenty-three years, that at the time of his injury he was working for the Southern Railway or what is commonly known as the St. Johns River Terminal Company, and that he had been working for the said Southern Railway for about two months continuously prior to said accident; that previous to his working for the said Southern Railway he had been working for the Seaboard Air Line Railway, that the Seaboard Air Line Railway is an entirely different railroad from the Southern Railway or St. Johns River Terminal Company; that in March, 1908, about ten o'clock in the morning down on East Bay Street he got permission from Conductor Patterson, the conductor of the switch engine and train of box cars and flat cars about ten or fifteen box cars and about ten or fifteen flat cars in a switching train to go from Bay street to Eighth street where Henry Lofton lives; that this train ran on the Seaboard Air Line Belt Line which was a different railroad from the Southern Railway or the St. Johns River Terminal Company; that this was not a train for the carrying of passengers, nor did it have any passenger coaches on it, but was merely engaged in switching; that he caught the last car which was a box car and rode on top of the box car; that the said Henry Lofton was injured while standing on an elevated position on a platform on top of the box car; that he was looking east at the time he was injured while the train that he was riding on was going north; that just before he was injured, a lady sitting at a window at the intersection of Jessie and Railroad Avenue, which was the point of injury, exclaimed before the trolley wire struck him, that Lofton was going to be struck by the

trolley wire; that the trolley wire struck him while in this position on the box car and then vibrated back and forth for some minutes before it stopped; that at the time that Lofton was riding on the said box car and during the whole time, he was performing no business on the said box car, was not a passenger for hire, and was not an employee of the Seaboard Air Line Railway upon whose train he was riding; that while riding on the said box car at the corner of Railroad Avenue and Jessie Street; the said Henry Lofton, plaintiff, was struck by a trolley wire of the Jacksonville Electric Company, that the impetus of the train he was riding on brought him in contact with the said wire, knocking him off, and injuring him.

## Matters of Law presented hereunder.

1.   Under the evidence in this case there was no breach of duty owing to the plaintiff by the defendant, and the doctrine of damnum absque injuria applies.

2.   Under the first count of the declaration it is charged that the plaintiff was injured in the following manner 'without fault on his part, was struck by said trolley wire which the defendant had carelessly and negligently permitted to be and remain broken and loosened from the fastening, and to sag down and be out of its proper place as aforesaid.'

Under the second count it is charged that the plaintiff was injured in the following manner: 'without fault on his part, was struck by said trolley wire so heavily charged with electricity which the defendant had carelessly and negligently suffered and permitted to be and remain broken and loosened from its fastenings and to sag down and be out of place as aforesaid.'

(a)   There is no evidence in this case to support any such allegations.

3.   The testimony in the case shows that at the time of the alleged injury, the said Henry Lofton was riding on the said box car in violation of the rules of the company, and at best could only be considered a licensee toward whom the defendant company owed no duty except to refrain from wilfully or wantonly injuring him.

4.   There is no fatal variance between the allegation and the proof in that the declaration sets up that the said Henry Lofton was an infant, said declaration having been filed December 7th, 1908, and the præcipe for summons having been filed October 20th, 1908, when the proof shows by the testimony of Henry Lofton that he now at this date, June 15th, 1910, is twenty-three years of age, and hence said suit was improperly brought in the beginning.

5.   There is no negligence in this case shown by the testimony against the defendant.

6.   The testimony shows upon its face the plaintiff to have been guilty of contributory negligence."

This demurrer to the evidence was sustained and judgment was rendered for the defendant.   On writ of error taken by the plaintiff it is contended that the court erred in sustaining the demurrer to the evidence and in rendering judgment for the defendant.   As it is not alleged that the plaintiff was injured by the negligence of a railroad company in the running of locomotives or cars or other machinery of such company, or by any person in the employ and service of a railroad company, sections 3148, 3149 and 3150, relating to the liabilities of railroad companies, are not applicable to this case. See Atlantic Coast Line Ry. Co. v. McCormick, 59 Fla. 121, 52 South. Rep.

712; Seaboard Air Line Ry. Co. v. Rentz, and Taylor v. Pebble Phosphate Co., decided at this term.

Where negligence is the basis of an action and a particular single negligent act is alleged as the proximate cause of the injury complained of, and the negligent act as alleged is not proven, there can be no recovery, since the *allegata* and *probata* must correspond in substance. See Wilkinson v. Pensacola & A. R. Co., 35 Fla. 82, 17 South. Rep. 71; Dexter v. Seaboard Air Line Ry., 55 Fla. 292, 45 South. Rep. 887; Walter v. Parry, 51 Fla. 344, 40 South. Rep. 69.

The negligence alleged is that the defendant carelessly and negligently permitted its trolley wire to become and remain broken and loosened from its fastenings and to sag down and to be and remain out of its proper place, while the only proof as shown by the demurrer to the evidence as to the negligence of the defendant is that the plaintiff "was injured while standing on an elevated position on a platform on top of the box car;  *  *  * that the trolley wire struck him while in this position on the box car and then vibrated back and forth for some minutes before it stopped." There is no direct or positive evidence that the wire became and remained broken and loosened from its fastenings and was allowed to sag down and to remain out of its proper place, and the evidence given does not warrant an inference that the wire was in the condition alleged. The fact that the plaintiff was struck by the wire is not of itself evidence that the wire was negligently allowed to be out of place.

The testimony that after the plaintiff was struck the wire vibrated back and forth for some minutes before it stopped, does not clearly indicate that the wire was out of place or broken and loosened from its fastenings. The injury does not *ipso facto* raise a presumption of

negligence on the part of the defendant, and there is no proof of the particular negligence alleged.

There was a plea of contributory negligence, and any appreciable negligence by the plaintiff that contributed proximately to his injury will bar recovery under the rules of the common law which have not been modified by statute in this class of cases. See German-American Lumber Co. v. Hannah, 60 Fla. 70, 53 South. Rep. 516.

It is unnecessary to pass upon the apparently meritorious contention that the evidence shows contributory negligence preventing recovery.

Giving the plaintiff the benefit of every fair inference warranted by the evidence, he is not entitled to recover. See Gross v. South Chicago City Ry. Co., 73 Ill. App. 217.

The demurrer to the evidence was properly sustained and the judgment for the defendant is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.