HOBSON, Justice.
The final judgment brought before us by the appellant herein, Tamiami Trail Tours, Inc., plaintiff below, reads as follows:
“This cause coming on for hearing this day on plaintiff’s request for pretrial conference, and the attorneys for the plaintiff and defendant having stipulated the facts, based in part on the deposition of the defendant taken by plaintiff, of the case to be:
“ ‘On December 26, 1951, a semi-tractor-trailer owned and operated by plaintiff and driven by Relford Roberts, its employee, stalled and failed to start, while on Colonial Drive, Orlando, Orange County, Florida, just east of Orange Avenue, and blocked the entrance way of a filling station. At plaintiff’s request the defendant went to the stalled semi-tractor-trailer to repair it. The defendant, Locke, is the owner and operator of a repair garage of automobile trucks. After arriving on the scene, hé decided, after being requested by the police and filling station operator, to move the semi-tractor-trailer to a Vacant lot in1 order that the filling station entrance where it was stalled would not be blocked. Due to the. mechanical failure of the tractor motor, he lowered the landing gear.of the trailer, and unlocked the connection between the tractor, and trailer. The defendant then pulled the tractor to the vacant lot with another tractor which he had brought to the scene. The plaintiff’s tractor was steered by Relford Roberts while being pulled to the vacant lot. The defendant then drove the tractor he had brought to the scene (this tractor being one which was owned by one of defendant’s other customers), back to where the trailer was standing. He backed it up under the trailer and coupled the tractor to the trailer. In the meanwhile, Relford Roberts had walked from where defendant had pulled plaintiff’s tractor back to the semi-trailer, arriving at the trailer after the defendant had connected the Fifth Wheels (the primary device by which the trailer is attached to the tractor) of the tractor and trailer, and while the defendant was connecting the air brake hoses between the tractor and trailer. He, Roberts, got into the tractor at defendant’s request arid drove-forward in a normal manner. After proceeding forward for about 100 to 150 feet, the trailer became uncoupled and fell ■to the ground. In hitting the ground the trailer was damaged. About an hour later, defendant having repaired plaintiff’s tractor’s motor trouble, the plaintiff’s tractor and ■ trailer were coupled together and Relford Roberts drove the rig out to the-Orlando Air Base and delivered the cargo which he had on the trailer.- The defendant did not see the trailer-after it was re-coupled to plaintiff’s tractor. He did examine both the trailer and tractor coupling mechanism after they had come loose. He could find no defect *588 In said coupling mechanism. It is agreed that the plaintiff .could have discharged defendant from the repair job at any time, during the period he was.doing the work.’
' “Upon the pleadings and above stipulated facts the plaintiff requested the' Court to rule upon the question of whether the doctrine of res ipsa loqui-tur would be applicable to the casé so as to entitle the plaintiff to an instruction to the jury on the doctrine, and after argument of the respective counsel, and the Court being advised in the premises, the Court found that the complaint contained only a general allegation of negligence, therefore the doctrine would be applicable if the facts warranted its use; that the defendant was not in possession of both of the instrumentalities and, therefore, the use of the doctrine was not warranted. Upon the announcement of this finding by the Court, plaintiff’s counsel stated that plaintiff could not prove any further facts and was willing to submit to the Court’s ruling upon its case. It is, therefore,
“Considered, ordered and adjudged that plaintiff take nothing by this suit and defendant go hence without day.”
The only question in this case is whether, on the stipulated facts, the trial court erred in- holding the doctrine of res ipsa loquitur inapplicable. This in turn appears to depend wholly upon whether the offending instrumentalities were sufficiently within the control of the defendant, or whether the facts are such that it becomes unfaec-essary to prove control as in Yarbrough v. Ball U-Drive System, Fla., 48 So.2d 82, since it is clear that all of the other elements prerequisite to the application of the res ipsa doctrine are present.
We are of the opinion .that the res ipsa doctrine applies here, and that the plaintiff was entitled to an appropriate jury instruction. It is true that plaintiff’s driver was operating the tractor when it became uncoupled from the trailer, but since he “got into the tractor at defendant’s request and drove forward in a normal manner and had been proceeding forward for only “about 100 to ISO feet” when the trailer became uncoupled, the inference is inescapable that the damage was caused by a defect either in the coupling or the coupling process. The defendant, who was the “owner and operator of a repair garage of automobile trucks” examined the whole coupling after the accident, but could find no defect in it, and the search for the cause of the accident, on the facts stipulated, must therefore be focused upon the coupling process, which was accomplished by the defendant at a time when the entire instrumentality was within his exclusive control. The driver, when the damage occurred, was following -instructions of the defendant,' who was engaged in the business of repairing trucks and was then and there performing activities incident thereto, and who held himself out as one proficient in such matters. Certainly the plaintiff’s driver in this case, just as in the Yarbrough case, had “a right to believe that the vehicle [would] not fall apart in the middle of the road”. We conclude that this case is controlled by the Yarbrough case, and the judgment appealed from must therefore be, and it is hereby, reversed and remanded for further proceedings not inconsistent herewith.
THOMAS, Acting C. J., and TERRELL, SEBRING, MATHEWS and DREW, JJ-, concur.
HOLT, J., concurs specially with opinion.