ZAIDA BURIA, Appellant, *v.* ROSEDALE ENGINEERING CORP. et al., Respondents.

First Department, April 14, 1959.

*Benjamin H. Siff* of counsel (*Louis M. Volan*, attorney), for appellant.

*Alexander E. Rosenthal* of counsel (*Irving Segal,* attorney), for Rosedale Engineering Corp. and another, respondents.

*Edward Ash* of counsel (*Aaron Greengold* with him on the brief; *Hartsell, Harrington & Jacobs,* attorneys), for Superior Washing Machine Company, respondent.

*Per Curiam.* Plaintiff was injured while using a washing machine maintained in the basement of an apartment house for the convenience of the tenants. She claims that her injury was caused by a defective mechanical device in the machine, known as a timer. While it is doubtful whether there was sufficient proof to establish that the timer was at the time of the occurrence defective, in view of the dismissal on plaintiff's case we shall give plaintiff the benefit of that doubt and assume that the accident resulted from a defective timer.

But, in order to recover, plaintiff must prove negligence on the part of the defendants. Admittedly the doctrine of *res ipsa loquitur* is not available in this case since the machine was not in the sole control of the defendants. On the contrary it was in constant use by the tenants of the building. Notice of the defect therefore would have to be brought home to the owning and operating defendants unless the circumstances indicate that they should have known of such defect.

The plaintiff argues, however, that because it was defendants' duty to maintain the machine in good working order, they may be held liable even though no notice, either actual or constructive, can be charged to them. This reasoning is clearly unsound. The duty to properly maintain does not in and of itself fasten liability in the event of an accident due to a defect. It merely fixes the obligation the negligent performance of which gives rise to liability. It does not do away with the necessity for proving negligence. Where do we find negligence if notice of the defect was not brought home to the defendants or if in the circumstances the defendants could not have been expected to know of such defect? Notice in this case is particularly essential as a prerequisite to liability because the machine was in constant use by the tenants and subject to the possibility of abuse at any time. To hold otherwise would be to charge the defendants with the liability of an insurer — a liability which cannot arise merely from an obligation of proper maintenance.

Plaintiff urges however that the defendants are negligent, and therefore liable, for failure to make the proper tests to see whether the machine was in good working order. The testimony indicates that a new timer was installed four months before

the accident and that the machine (although not the timer) had been repaired several times, the last about 10 days before the accident. Plaintiff contends the proof establishes that the defendant servicing company did not properly test the machine on those occasions and offered to prove that it did not follow the custom of the trade in the manner in which the testing was done.

Assuming again that the proof sustains the plaintiff's position in this regard, negligence is still not established unless it be shown that proper testing would have disclosed the timer to have been defective. There was no proof or offer of proof to establish that essential fact. Liability does not attach merely because a proper inspection *could* have shown the timer to have been defective. The proof must be that the inspection *would* have shown that to be the case. The weakness of plaintiff's case is that she assumes the timer to have been defective throughout the period covered by the testimony but fails to prove it. We need not, and indeed in view of the dismissal, we do not, give any weight to the proof that at all times and up to the moment of the accident, this machine was used without incident and without complaint.

Plaintiff's evidence, even with the additional proof offered, in our opinion was insufficient to make out a prima facie case of negligence on the part of any of the defendants.

The judgment should be affirmed, with costs and disbursements to respondents.

BREITEL, J. P., RABIN, M. M. FRANK, VALENTE and MCNALLY, JJ., concur.

Judgment unanimously affirmed, with costs to the respondents.