153 So.2d 55 (1963)
Elois BROOKSHIRE, Appellant,
v.
FLORIDA BENDIX CO., Inc., a Florida corporation, Appellee.
No. 62-391.
District Court of Appeal of Florida. Third District.
April 30, 1963.
Rehearing Denied May 29, 1963.
*56 Faunce, Fink & Forman, Miami, for appellant.
Welsh, Cornell, Pyszka & Carlton, Miami, for appellee.
Before CARROLL, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellant, plaintiff in the trial court, seeks review of a final judgment entered upon a directed verdict in favor of the appellee-defendant.
From the record, it appears that at the conclusion of all the evidence, the defendant moved for a directed verdict on which motion the trial judge reserved ruling and sent the case to the jury. The jury returned a verdict in favor of the plaintiff and, thereafter, the trial judge granted the motion for directed verdict. It is from the final judgment rendered upon such directed verdict that the appellant prosecutes this appeal, and has assigned error in the directing of said verdict and setting aside the verdict of the jury.
Upon this appeal the appellant is entitled to all inferences reasonably to be *57 drawn from the evidence. See: Messner v. Webb's City, Fla. 1952, 62 So.2d 66; Martin v. Thompson, Fla.App. 1960, 124 So.2d 744. The record discloses that the appellant was injured while operating a coin-activated washing machine in and about the premises of an apartment building. It appears that the machine in question was manufactured by a third party, sold to the appellee and installed on the premises of the apartment house under an arrangement whereby the appellee and the operator of the apartment house shared in the revenue earned by the machine [which had been on the premises prior to the accident in question for approximately 2 years]. On the day of the injury to the appellant, it appears that she inserted the necessary coins to commence the operation of a machine which has a three cycle operation, basically described as follows: filling of a drum with water, an agitation motion, and a rinsing phase which is accompanied by a spinning of the agitator and drum contained in the machine within which the clothes are placed. These various phases are controlled by an electrical timing device which is a sealed unit in the machine. After placing her money in the machine, the appellant commenced to insert clothes in it when [while inserting a sheet] it started its spinning or last phase operation, whereupon the appellant's right arm was pulled into the machine and severely injured.
Complaints of previous erratic operation of the machine had been made to the appellee organization and, on at least one occasion, an inspection of the machine was made at which time the machine operated in a normal manner. The evidence is silent as to whether or not upon a reasonable inspection same would have revealed any defect in the operation of the machine in question. Following the injury, the machine continued in operation for a period of approximately one year, at which time [as a result of the claim of the appellant] the machine was dismantled by an expert in an attempt to determine what caused the alleged erratic behavior of the machine on the day in question. During this latter period of time, the evidence fails to reveal any other instance of unusual or erratic performance by the machine.
It is apparent from the evidence that the appellant did not attempt to and could not establish any actual defect in the machine in question, and it was upon this basis that the trial judge granted the directed verdict. It is for this reason that we approve the actions of the trial judge. The appellant urges that she is entitled to recover under any one of three theories, to wit: First, upon simple negligence; second, upon the doctrine of res ipsa loquitur; and, third, upon an implied warranty of fitness.
As to the first, without proof of any actual defect which would have been discovered by reasonable inspection [assuming that one had been made], there is no breach of a duty on the part of the appellee. For the appellant to recover upon the doctrine of simple negligence, she must establish an actual defect in the machine which was, or should have been known to the appellee. See: Lofton v. Jacksonville Electric Co., 61 Fla. 293, 54 So. 959; J. Ray Arnold Lumber Co. v. Carter, 91 Fla. 548, 108 So. 815, 46 A.L.R. 1068; Buria v. Rosedale Engineering Corp., 7 A.D.2d 486, 184 N.Y.S.2d 395; 18 F.L.P., Negligence, § 29. As to the second, the doctrine of res ipsa loquitur, it is not applicable in the instant case because of the opportunity for intervening forces to have contributed to the machine's malfunction through no fault of the appellee. The reasoning of the court of New York in the case of Buria v. Rosedale Engineering Corp., supra, is persuasive on this subject, where the following is stated:
"But, in order to recover plaintiff must prove negligence on the part of the defendants. Admittedly the doctrine of res ipsa loquitur is not available in this case since the machine was *58 not in the sole control of the defendants. On the contrary it was in constant use by the tenants of the building. Notice of the defect therefore would have to be brought home to the owning and operating defendants unless the circumstances indicate that they should have known of such defect."
It is also pointed out, in connection with this theory of the appellant's case, that here again she did not establish any actual defect in the machine or that the machine was controlled solely by the appellee. Therefore, the following cases relied on by her are distinguishable because in each the plaintiff actually established the defect which caused the accident, or that sole control of the apparatus which caused the injury rested in the defendant: Coaster Amusement Co. v. Smith, 141 Fla. 845, 194 So. 336; Yarbrough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82; Tamiami Trail Tours v. Locke, Fla. 1954, 75 So.2d 586. As to the third, the warranty theory, there is no absolute liability on a bailor or lessor of personal property who rents or permits its use by another. The liability of a manufacturer, under the doctrine of implied warranty, has not been extended to one who merely rents or bails personal property [which it has purchased from a manufacturer] to another. The extent of obligation of the bailor is a duty on his part to exercise due care to furnish an article in a reasonably safe condition. See: Clarkson v. Hertz Corporation, 5th Cir., 1959, 266 F.2d 948; 6 Am.Jur., Bailments, § 195, pp. 310-311.
Therefore, for the reasons stated, the orders here under review are hereby affirmed.
Affirmed.
CARROLL, Judge (dissenting).
I respectfully dissent. The defendant was under a duty to keep the machine in repair. The mechanical control parts were sealed in, and the defendant alone had access. The cycles of operation of the machine were not fully described in the majority opinion. The operation was outlined by an officer of the defendant company, as being a 3-cycle process for washing, plus a similar 3-cycle process for rinsing.[1] In each, there first was a filling period, followed by a period of agitation, then a pause and third period in which the spinning took place. The malfunctioning, according to the plaintiff, was that while the machine was operating in the first (filling) cycle it entered into the third (spinning) cycle. As events disclosed, that was a serious and dangerous defect. Some two or three weeks earlier the company was notified the machine was malfunctioning. Failure of the defendant company to check or repair the machine, after notice, could have been considered by the jury as negligence from which the plaintiff's injuries proximately resulted. The jury reasonably could have inferred that if the defendant had undertaken to repair the machine the defect would have been found and repaired, or, because of the reported malfunctioning, removed from service.
*59 Moreover, I dissent from the majority decision that the doctrine of res ipsa loquitur was not applicable in this case. In my opinion, rejection of res ipsa here was in direct conflict with Yarbrough v. Ball U-Drive System, Fla. 1950, 48 So.2d 82, and Tamiami Trail Tours v. Locke, Fla. 1954, 75 So.2d 586. It is significant that the jury found negligence although the doctrine of res ipsa loquitur was withheld from them.
For those reasons a triable issue of negligence was presented, and the verdict for the plaintiff should have been allowed to stand.
NOTES
[1] "Q Would you tell the jury the various cycles the machine goes through and how it operates? "A Yes. When you insert the coin, the machine starts filling with water. This is what you call the time to fill the washing machine. It takes five minutes to fill and then the agitation starts. It starts agitating. That is the wash cycle.

"After the wash cycle, which is approximately ten minutes, the machine pauses. The reason for pausing is it has a reversible motor. In other words, to give it a chance to reverse itself. After it pauses, the machine starts spinning, to spin the soap and water out of the clothes.
"After spinning, the machine pauses again and starts again to fill with water for the rinse period. After the fill, it starts agitating again. That is on the rinse cycle.
"After the rinse cycle, the machine pauses and goes into a spin to extract the water, and at the end of that spin, that is the end of the cycle on the washing machine."