163 So.2d 881 (1964)
Elois BROOKSHIRE, Petitioner,
v.
FLORIDA BENDIX CO., Inc., a Florida corporation, Respondent.
No. 32866.
Supreme Court of Florida.
April 24, 1964.
Rehearing Denied June 1, 1964.
*882 Faunce, Fink & Forman, Miami, for petitioner.
Welsh, Cornell, Pyszka & Carlton, Miami, for respondent.
PER CURIAM.
The petition for writ of certiorari reflected apparent jurisdiction in this Court. We issued the writ and have heard argument of the parties. After hearing argument and upon further consideration of the matter, we have determined that the petition is without merit. Therefore, the writ must be and is hereby discharged and the petition for writ of certiorari is dismissed.
It is so ordered.
DREW, C.J., and ROBERTS, O'CONNELL and CALDWELL, JJ., concur.
THOMAS, J., dissents with opinion.
THORNAL and ERVIN, JJ., dissent and concur with THOMAS, J.
THOMAS, Justice (dissenting).
It is with reluctance that I depart from the thinking of a majority of my colleagues in this case.
The petitioner, Elois Brookshire, was injured while she was using an automatic washing machine which was located in an apartment building and made available to the tenants. The contrivance was activated by inserting a coin in a slot provided for the purpose and once the mechanism started, it went through three cycles. In the first, or "filling cycle", it filled with water for about five minutes while the agitator and drum remained stationary; in the second, or "washing cycle", the agitator moved back and forth for about ten minutes; in the third, or "spinning cycle" the drum and agitator revolved at high speed to eject the water from the clothes. When the last cycle was completed all three were repeated in what was termed the "rinsing" process.
The whole operation, from the time the coin was inserted until the clothes were removed, was automatic and took place within the closed machine while the timing device regulating the cycles was within a sealed unit to which only the lessor had a key. The profits from the washer were shared by the respondent and the owner of the apartment house.
As the petitioner was placing her clothes in the machine something went awry with the timing device and as a consequence the mechanism jumped from the comparatively innocuous first cycle when it was inert to the last cycle when the drum and agitator spun at high speed. At the time her arm became entangled in a sheet and was drawn into the whirling drum and agitator inflicting painful injuries.
I gather from the testimony of the president of respondent-company that the washing machine had not recently been inspected or repaired, although in service for *883 two years, except on one occasion and then it was found to be operating normally. At another time, shortly before the incident, the machine had failed to work properly for a user and although the respondent was apprised of the occurrence, no inspection or repair followed and no effort was made to discard the appliance. After the injury to the petitioner it was in use for about a year when it was dismantled in an effort to determine why it had become erratic when employed by petitioner but no reason for its behavior was discovered.
As I have said, the machine was sealed, so the petitioner could not have tampered with it or have ascertained whether or not it was defective.
The case was presented, upon the theories of (1) simple negligence, (2) breach of implied warranty and (3) res ipsa loquitur. The jury returned a verdict of 50 thousand dollars which was set aside by the trial judge who thereupon directed a verdict for the defendant, respondent. Upon review the District Court of Appeal affirmed with one judge dissenting.
The District Court of Appeal concluded that the petitioner "did not attempt to and could not establish any actual defect in the machine" and therefore, the action of the trial judge in directing a verdict for the defendant, respondent, was proper. This inability on the part of the petitioner, in the mind of the appellate court, eliminated the theory of simple negligence.
The District Court of Appeal also discarded the theory of implied warranty because of the opinion that there is no absolute liability of a "bailor or lessor of personal property who rents or permits its use by another." The court ended the discussion of this phase of the controversy with the statement that the extent of the duty of the bailor is the exercise of due care to furnish an article in a reasonably safe condition.
The court also rejected the theory of res ipsa loquitur because of the thought that there was opportunity for "intervening forces", presumably from usage by other tenants, "to have contributed to the * * malfunction through no fault of the appellee [respondent]." This does not seem to me a sound reason to cast the theory aside. Use by other tenants did not afford an excuse for failure to keep the machine in order. See note 96 by Dean William L. Prosser, Vol. 37, California Law Review, page 183 (200).
The dissenting member of the court discerned evidence of negligence on the part of the respondent by its failure to inspect and repair the machine when earlier it had received notice of malfunctioning.
Furthermore, he thought rejection of the doctrine of res ipsa loquitur was inharmonious with decisions of this court in Yarbrough v. Ball U-Drive System, Fla., 48 So.2d 82, and Tamiami Trail Tours v. Locke, Fla., 75 So.2d 586. It was because of my view that such a conflict did exist that I voted to take jurisdiction of the case under Article V, Section 4(b) of the Constitution, F.S.A.
The facts in the Yarbrough case and those here are not identical but in essential details they are so similar as to justify the application of the doctrine of res ipsa loquitur here, too. In neither case was there cause to charge the person injured with negligence. In both cases there was no direct evidence of negligence on the part of the defendant, yet in both injury was inflicted because in one the automobile, in the other the mechanical device, operated defectively. It is not difficult to apply to the facts in the instant case our comment in the first cited one that a person who rented a motor car and drove it along a well travelled highway at reasonable speed had a right to expect that the vehicle would not fall apart in the middle of the road. Certainly the petitioner in this case had reason to believe that by use of the machine placed in the apartment for the convenience of tenants, to the monetary profit of the apartment owner and owner of the machine, she would not be taken in with the wash.
*884 As we held in the Yarbrough case, the doctrine of res ipsa loquitur is only a rule of evidence under which an inference may arise in aid of proof. It is plain to me that application of the doctrine here would give rise to an inference that careful supervision of the washing machine had been lacking although keys to its mechanical unit were possessed by the respondent while the only control by the petitioner was the deposit of the coin and the clothes. Invocation of the doctrine would pave the way for consideration by the jury of evidence which would tend to establish negligence. Such being my view, it appears unnecessary to discuss more elaborately the ruling of the trial court eliminating from the case the first aspect concerning simple negligence. Before closing I say that I have found no vital difference between the principle involved here and the one considered in Tamiami Trail Tours, Inc. v. Locke, supra, nor, for that matter have I discerned, on re-examination, any inconsistency between the two cited cases.
It is my conviction that disharmony between the Yarbrough and Tamiami Trail Tours cases on the one hand and this case on the other justifies our interference with the decision of the District Court of Appeal and the quashing of that decision, so I respectfully disagree with the order dismissing the petition for certiorari.
THORNAL and ERVIN, JJ., concur.