Jennifer VELEZ, Plaintiff,

v.

SEBCO LAUNDRY SYSTEMS, INC., Defendant.

No. 00 CIV. 5027 SHS.

United States District Court, S.D. New York.

Jan. 16, 2001.

Paul L. Lincoln, Hahn & Howarth, New York City, for Sebco Laundry Systems, Inc.

## OPINION

STEIN, District Judge.

Jennifer Velez brings this diversity action against Sebco Laundry Systems, Inc. for injuries she suffered when a glass door fell out of a clothes dryer owned by Sebco and landed on plaintiff's foot. Sebco moves for summary judgment pursuant to Fed.R.Civ.P. 56(c) on the grounds that Velez has failed to produce legally sufficient evidence to support a finding that Sebco was negligent. That motion should be granted: (1) because the doctrine of *res ipsa loquitur*, which allows the finder of fact to infer negligence simply from the fact that an event occurred, does not apply here since the dryer was not under Sebco's exclusive control, and (2) because Velez offers no evidence that Sebco had either actual or constructive notice of a possible defect in the dryer door.

## I. BACKGROUND

The accident occurred on January 22, 2000, while plaintiff was doing laundry alone in the laundry room of her New York apartment building.[1] Velez did not notice anything wrong with the dryer when she loaded her clothes. After leaving the laundry room for approximately 30 minutes, she returned to unload the dried clothes. When she opened the door to dryer number 1, a circular piece of intact glass fell out of its casing and onto plaintiff's foot. She suffered a sprained ligament in her right foot and was taken to the hospital.

Although Sebco does not own or manage the apartment building, it does own and operate the five washing machines and three dryers in the laundry room. By virtue of its contract with the apartment house, "all machines and equipment ...shall be...under the exclusive control and supervision of [Sebco]," which must "maintain and service the Machines." (Lincoln Aff., 5 Year Laundry Contract ¶¶ 3(c), 8.) The laundry room that contained dryer number 1 services tenants in 14 apartments in that building.

The service reports for the laundry facility dating from February 12, 1999 to January 24, 2000, contain no reports of glass falling out of a dryer door. They do include repairs for broken door locks and door handles. Sebco's service technicians inspect the machines at least once per month. Velez was aware that dryer number 1 was in need of repair six months before the accident because it was not drying clothes properly, but she believed the machine had been fixed. Velez had never had glass fall on her from a clothes dryer before, and she is not aware of any similar incident befalling anyone else in the building.

A few months after the accident, Velez filed a complaint in New York State Supreme Court, New York County. The complaint included a single cause of ac-

---

1. The facts are uncontested and are taken from the affidavits submitted in defendant's motion for summary judgment.

tion—negligence and a single defendant Sebco. Sebco then removed the action to this Court on the basis of diversity of citizenship and an assertion that the damages exceeded $75,000.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment may be granted "only when the moving party demonstrates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Allen v. Coughlin,* 64 F.3d 77, 79 (2d Cir.1995) (quoting Fed.R.Civ.P. 56(c)); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor, and may grant summary judgment only when 'no reasonable trier of fact could find in favor of the nonmoving party.'" *Allen,* 64 F.3d at 79 (citation omitted) (quoting *Lund's, Inc. v. Chemical Bank,* 870 F.2d 840, 844 (2d Cir.1989)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with specific facts to show there is a factual question that must be resolved at trial. Fed. R.Civ.P. 56(e); *see also Legal Aid Society v. City of New York,* 114 F.Supp.2d 204 (S.D.N.Y.2000). A nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993). In short, a nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. Choice of law

■ New York state law applies to this tort action because a federal court sitting in diversity applies the law of the forum state and because New York is the state where the tort occurred. *Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Krock v. Lipsay,* 97 F.3d 640, 645 (2d Cir.1996).

### C. Res Ipsa Loquitur

Sebco contends that, pursuant to New York tort law, Velez cannot employ the *res ipsa loquitur* doctrine to satisfy her burden of proving negligence. Because Velez has not demonstrated that Sebco had exclusive control over the dryer, the doctrine of *res ipsa loquitur* is indeed inapplicable to this case.

■ *Res ipsa loquitur* is "an often confused and often misused doctrine that enables a jury presented only with circumstantial evidence to infer negligence simply from the fact that an event happened." *St. Paul Fire & Marine Ins. Co. v. City of New York,* 907 F.2d 299, 302 (2d Cir.1990). Before a case can be submitted to a jury in New York on a *res ipsa loquitur* theory, three requirements must be met: "(1) the event was of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it was caused by an agency or instrumentality within the exclusive control of the defendant; (3) it was not due to any voluntary action or contribution on the part of the plaintiff." *Id.; see also Dermatossian v. New York City Transit Auth.,* 67 N.Y.2d 219, 226, 501 N.Y.S.2d 784, 492 N.E.2d 1200 (1986). In this case,

Sebco contends that the second condition—exclusive control—was not met.

■ "The purpose of the exclusive control requirement is to eliminate within reason the possibility that the event was caused by someone other than the defendant." *St. Paul Fire*, 907 F.2d at 302, *Dermatossian*, 67 N.Y.2d at 227, 501 N.Y.S.2d 784, 492 N.E.2d 1200. "Although the possibility of all other causes need not be eliminated altogether, their likelihood must be so reduced that the greater probability lies at defendant's door." *Id.* "It is not enough to prove that the defendant had control if there is sufficient evidence that a third party also had access to the instrumentality that caused the injury." *St. Paul Fire*, 907 F.2d at 303.

■ In this case, the exclusive control requirement is not met because Velez and the other building tenants had access to the dryer. The case of *Buria v. Rosedale Engineering Corp.*, 7 A.D.2d 486, 184 N.Y.S.2d 395 (1st Dep't 1959) is directly on point. In *Buria*, the Appellate Division held that the plaintiff, injured by a defective timer on a washing machine, could not assert *res ipsa loquitur* because the machine, which was maintained in the basement of the apartment building for the convenience of tenants, was in constant use by tenants. Therefore, the owner and operator of the machines did not have sole control over the machine at issue. *Buria*, 7 A.D.2d at 488, 184 N.Y.S.2d at 396–97.

The tenants also have easy access to the clothes dryer, making the possibility of improper use or tampering all that much more likely. *Compare Pavon v. Rudin*, 254 A.D.2d 143, 145–46, 679 N.Y.S.2d 27, 30 (1st Dep't 1998) (finding *res ipsa loquitur* applicable when the average person would have required tools and equipment to tamper with defective pivot hinge and hinge was too high to reach without a stepladder) *with Murphy v. City of New York*, 19 A.D.2d 545, 545–46, 240 N.Y.S.2d 883, 884–85 (2d Dep't 1963) (finding *res ipsa loquitur* inapplicable when defective street lamp was easily prone to tampering; public had easy access to lamp and lamp door could be removed with an ordinary screw driver). The glass door of the dryer was easily accessible. The entire machine is approximately 6′2″ high with the glass door approximately 18″ in diameter. Because of the case of access to the mechanism on the dryer that caused the injury, it cannot be said that the likelihood of other possible causes is "so reduced that the greater probability lies at defendant's door."

The sole case cited by Velez—*Dermatossian*—actually supports the view that *res ipsa loquitur* should not apply here. In *Dermatossian*, the New York Court of Appeals found that a plaintiff who was injured by a defective grab handle on a bus did not establish that the bus owner and operator maintained exclusive control over the handle because the plaintiff failed to exclude the possibility that the handle had been damaged by one or more of the bus passengers. Therefore, *res ipsa loquitur* was inapplicable. *Dermatossian*, 67 N.Y.2d at 227, 501 N.Y.S.2d 784, 492 N.E.2d 1200; *see also Ebanks v. New York City Transit Auth.*, 70 N.Y.2d 621, 518 N.Y.S.2d 776, 512 N.E.2d 297 (1987). Because the undisputed facts demonstrate that Sebco did not have exclusive control over the dryer, plaintiff cannot depend upon *res ipsa loquitur* as a basis upon which the finder of fact is permitted to infer negligence.

### D. Notice

■■ In order for Velez to prove negligence, she must show that Sebco had a duty to maintain the equipment and had actual or constructive notice of the defect. *Rogers v. Dorchester Assoc.*, 32 N.Y.2d

553, 557, 347 N.Y.S.2d 22, 300 N.E.2d 403 (1973); *Albergo v. Deer Park Meat Farms,* 138 A.D.2d 656, 656, 526 N.Y.S.2d 580, 581 (2d Dep't 1988). In this case, Sebco had a duty to maintain its equipment as shown by its contract with the apartment house. *See, e.g., Rogers,* 32 N.Y.2d at 559, 347 N.Y.S.2d 22, 300 N.E.2d 403. However, Velez has not shown that Sebco had actual or constructive notice of the defect.

 Actual or constructive notice means that the defendant knew or should have known about the defect. *Rogers,* 32 N.Y.2d at 559, 347 N.Y.S.2d 22, 300 N.E.2d 403; *Koch v. Otis Elevator Co.,* 10 A.D.2d 464, 467, 200 N.Y.S.2d 700, 703 (1st Dep't 1960). Velez does not contend, nor can she, that Sebco had actual notice of the defect. There is no evidence of any report to Sebco that the glass on the dryer door was defective. Nor is there any evidence of a similar problem occurring in any other machine in the apartment building.

However, Velez does contend that Sebco had constructive notice because a reasonable inspection of the dryer door would have revealed its defective condition. Velez asserts that a trained technician familiar with moldings and casings would have spotted the defect, though an ordinary user, like Velez, might not.

 Although constructive notice can be inferred from circumstantial evidence, see *Rogers,* 32 N.Y.2d at 561, 347 N.Y.S.2d 22, 300 N.E.2d 403, Velez does not offer *any* evidence to support her assertions. There is no expert testimony or other evidence demonstrating that a reasonably prudent technician would have found the defect during a regularly scheduled inspection. *See Buria,* 7 A.D.2d at 488, 184 N.Y.S.2d at 397 ("Negligence is not established unless it be shown that proper testing would have disclosed the [mechanism] to have been defective."); *cf. Albergo,* 138 A.D.2d 656, 526 N.Y.S.2d 580

(holding that because the plaintiff presented expert testimony "that a reasonable inspection of the shopping cart would have given defendant notice of the wheel's defective condition," the case was properly given to the jury.). As explained above, Velez cannot simply rely on conclusory statements in opposing a motion for summary judgment; rather, she must come forward with specific facts and evidence. Fed.R.Civ.P. 56(e); *see also Legal Aid Society v. City of New York,* 114 F.Supp.2d 204 (S.D.N.Y.2000); *Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir. 1993).

 Velez also contends that Sebco unfairly prejudiced Velez's case by not disclosing the age of the dryer. Velez alleges that Sebco used the dryer beyond the warranted life of the machine, and therefore, the machine could be expected to malfunction. This argument suffers from the same defect as above. Velez has failed to produce any expert testimony or other evidence to show that using a machine beyond the warranted term means that the machine is likely to malfunction. This type of evidence can be procured without knowing the exact age of the dryer; therefore, plaintiff's case was not prejudiced.

Because Velez has not put forth any evidence to demonstrate that Sebco had actual or constructive notice of the defect, Velez cannot make out a prima facie case of negligence.

CONCLUSION

For the reasons set forth above, Sebco's motion for summary judgment is granted.