SAM SIKORA, Respondent, *v.* APEX BEVERAGE CORP. et al., Appellants, et al., Defendants.

First Department, June 9, 1953.

*Patrick E. Gibbons* of counsel (*Ralph H. Terhune* with him on the brief; *Galli & Locker,* attorneys), for appellants.

*Ralph Stout* of counsel (*Abraham I. Simon* with him on the brief and attorney), for respondent.

PECK, P. J.  Plaintiff, walking down a ramp in a subway station, slipped and fell in front of a soda vending machine owned and operated by defendant corporations.  He observed that the surface where he fell was wet with a sticky substance and that the wooden platform on which the vending machine rested was also wet.  Presumably, the wetness was due to the beverage leaking from the machine or being spilled by a patron.

Plaintiff fell on his right shoulder, hip, head and back.  The resulting injury was inconsequential except for the claimed aggravation of an existing breast cancer.  Plaintiff testified that he first noticed a lump about the size of a pea on his right breast about a week after the accident.  Within a matter of a few months the lump had grown to the size of a walnut and was diagnosed as cancer.  Radical breast surgery followed.

It is conceded that the start of the cancer antedated the accident and was not caused by it.  Plaintiff has recovered a verdict of $22,500, which admittedly can be sustained only on a justified finding that the cancer was aggravated by the fall.  Counsel for plaintiff frankly acknowledged on the argument of the appeal that plaintiff was entitled to that verdict on that ground or that he was entitled to nothing.

There are thus two questions before us: (1) whether there was a showing of negligence which would support a finding of liability and (2) whether there was warrant for the jury finding that the cancer was aggravated by the fall.

There were several soda vending machines in this station and they were attended by a porter-serviceman who serviced each machine once a day, cleaning it on such occasions and washing or mopping up any wetness that existed around the machine. Leakage was conceded as a possibility, but there were no identified instances of it. Wetness caused by patrons spilling the beverage was apparently not uncommon.

The court charged the jury without exception, and this became the law of the case, that plaintiff must prove that defendants knew of the objectionable condition of the premises or that this condition existed for a sufficiently long time that defendants could have remedied it in the exercise of ordinary care. While plaintiff points out that a slippery condition on a ramp is more dangerous than on a level, it is clear that the " condition " to which the claim and charge refer is a wet condition due to seepage or spilling of the beverage. Notice of the condition, which was thus required, was of an existing wetness.

We think there was failure of proof of such notice. There was no evidence as to how long the particular wetness had existed and there was no basis for finding, therefore, that it had existed for a sufficiently long time for defendants to remedy it in the exercise of ordinary care. Similarly, there was no showing of actual notice. Plaintiff virtually recognizes the absence of such evidence in arguing that the condition was due to leakage from the machine and was thus created by defendants, so notice was not necessary. This claim rests upon plaintiff's testimony that the platform as well as the floor was wet.

We find no sufficient indication of leakage, and the theory that defendants created the condition complained of was not submitted to the jury. On the contrary, as noted, the case was submitted without exception on a charge that notice was required. We think, therefore that the verdict is not supportable as to the predicate of liability and that the complaint would have to be dismissed or at least a new trial ordered on that ground.

A more compelling reason for dismissal, however, is plaintiff's failure to sustain by any competent and credible testimony his claim of a connection between his fall and the growth of his breast cancer.

We have had occasion previously to consider the possible causation of breast cancer by trauma (*Dennison* v. *Wing,* 279 App. Div. 494). Here it is conceded that the inception of the cancer, which plaintiff first noticed shortly after the accident, had no connection with the accident. Two physicians, however, one a pathologist and the other a radiologist, expressed an opinion in answer to hypothetical questions, that the injury sustained by plaintiff aggravated and accelerated the growth of the existing breast tumor. The opinion of both witnesses seemed to be based upon the rapid growth of the cancer, although it had not spread into surrounding areas, which growth they thought was more rapid than would ordinarily be expected between the time when plaintiff first detected the lump and the time when it was diagnosed as malignant. Both seemed to recognize the accepted postulate that injury directly to a tumor is necessary to any determination of aggravation by trauma, but expressed the view that the transmission of force to the breast region by a fall on the back was sufficient to satisfy the postulate. The pathologist acknowledged that he had never treated cancer of the breast and the radiologist that he had not been connected with any hospital that specialized in the care or treatment of cancer. The latter expressed the opinion that the cancer was quiescent or in an arrested stage before it was activated by the trauma of plaintiff's fall.

Two surgeons who had for many years specialized in the diagnosis and treatment of cancer were called by defendants. They testified that the type of cancer which plaintiff had was the fastest growing type of cancer of the breast, that it would not have been quiescent or dormant, and that the rate of growth in plaintiff's case was not unusual. Both doctors, noting the absence of any direct blow to the tumor, which would be a requisite by accepted postulates to any aggravation of a cancer through trauma, rejected the theory that the indirect transmission of force from the shoulder to the cancerous focus could aggravate or accelerate its growth. They further testified that the only way in which trauma could aggravate a cancer was by rupturing and spreading the cancer cells and the fact that the cancer here had not spread to surrounding tissue negatived the notion that its growth had been affected or aggravated in any way by trauma.

Without reflecting upon the qualifications of plaintiff's experts within their limited fields, it is apparent that they did not have the experience or qualifications to speak authoritatively of the

effect of trauma upon a cancer or its growth and that their opinions were not grounded on scientific facts. In the absence of a direct blow to the site of the cancer or spreading into surrounding areas, there is no adequate basis for believing that the growth of the cancer was in any way affected or accelerated by plaintiff's fall.

Our conclusion is that plaintiff has not sustained his burden of proof either with respect to establishing his cause of action or connecting it with his claimed injury. The judgment appealed from should be reversed and the complaint dismissed, with costs to appellants.

GLENNON, COHN, CALLAHAN and BREITEL, JJ., concur.

Judgment unanimously reversed, with costs and judgment is directed to be entered in favor of the appellants dismissing the complaint, with costs.