DORIS MURPHY, Appellant, *v.* BOARD OF EDUCATION OF THE CITY OF UTICA, Respondent.

Fourth Department, December 12, 1963.

*Robert E. Morris* and *Stanley E. Shablak* for appellant.

*Ferris, Kehoe, Tenney & Murnane* (*John R. Tenney* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment dismissing the complaint herein at the close of the plaintiff's case.

The appellant was injured when leaving the premises of the defendant, known as the John F. Hughes School. There had been a graduation there and the appellant accompanied by several friends was leaving the premises on the evening of June 22, 1961. She left the gymnasium in the building with her friends about 9:45 in the evening. She left by a door different from the one by which she had entered, and climbed the stairs with one friend. Two others climbed a macadam paved road or a ramp which was alongside the stairs. At the head of the stairs was a concrete sidewalk which turned toward the ramp and a public

street known as Ballantine Brae. She took five or six steps on the walk toward the street when she stepped off upon the ramp some six or seven inches lower and was injured when she fell down onto the ramp. There was a light fixture at the head of the stairs which would have shed light upon the walk and stairs. The light was part of the original structure, but it was without a bulb. The appellant on her direct examination indicated she turned at an angle on "what she thought was a flat surface" and as she stepped, she stepped into space and fell. She was invited to use the walk and the area which should have been adequately lighted. The proof submitted showed the existence of electric light fixtures at the head of the stairs. That was apparently part of the plan. Liability may not be imposed upon defendant because of any errors of judgment which it made with respect to the plan under which its school building and the approaches thereto were constructed (*Urquhart* v. *City of Ogdensburg*, 91 N. Y. 67). "Error of judgment alone does not carry liability with it, for error of judgment alone is consistent with reasonable care. But failure to abate dangers which reasonable care would have revealed, will charge the [municipality] with liability, and this whether the form of the action be negligence or nuisance." (*Stern* v. *International Ry. Co.*, 220 N. Y. 284, 294–295.) The unguarded dropoff from the sidewalk to the ramp might well be found to constitute an inherently dangerous condition which cast upon defendant a duty to illuminate the area where the accident occurred when invitees were using the sidewalk and ramp in the nighttime. (*Hotaling* v. *Village of Cobleskill*, 261 N. Y. 599; *Gilcher* v. *McNulty Bros. Realty Co.*, 269 App. Div. 844, affd. 295 N. Y. 743.) But the duty to keep the light in repair and functioning was ministerial and the failure or neglect in keeping it lighted is ministerial and for neglect to perform such a duty an action may lie at the behest of the person injured, if defendant had actual or constructive notice of the failure of the light to function. There was not proof of actual notice. The only proof of constructive notice is that the light was defective for lack of a bulb. It might have been found from the established facts that the light fixture was above the reach of persons standing on the ground, that there was no light bulb in it at the time of the accident, and that photographs taken the following day show that there was no bulb in it then. While concededly the proof of constructive notice in this case was very slight, we believe that in the interests of justice, the plaintiff should have an opportunity to present such additional proof as she may have upon this subject. The plaintiff was justified in accepting the invitation to use the walk as

she did, but it may be that by lack of illumination she stepped into this unobserved depression with the resulting injuries. Whether or not it should have been seen is clearly a question of fact, but not of law. Lack of illumination may have prevented the appellant from observing this difference in elevations. The situation was not comparable with *Brooks* v. *Bergdorf-Goodman Co.* (5 A D 2d 162). The record presents a question of fact on the issue of contributory negligence.

The judgment should be reversed and a new trial granted.

BASTOW, J. P., GOLDMAN, McCLUSKY, HENRY and NOONAN, JJ., concur.

Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.