■ SADIE BRANSFIELD, Respondent, v. GRAND UNION COMPANY, Appellant.— In a negligence action to recover damages for personal injury sustained when plaintiff slipped and fell on a wet, sticky substance upon the floor of the defendant's store, the defendant appeals from a judgment of the Supreme Court, Queens County, entered October 21, 1964 after trial, upon a jury's verdict in the plaintiff's favor. Judgment affirmed, with costs. No opinion. Christ, Brennan, Hill and Rabin, JJ., concur; Ughetta, Acting P. J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: Plaintiff, a customer of defendant, slipped on egg drippings in the center aisle of defendant's supermarket. A few minutes prior thereto, defendant's employee had mopped the floor in the area of the accident. A few minutes after the accident, defendant's manager said to another employee "I thought I told you to clean that up", to which the employee answered "I did clean it." The statement by the manager to the employee was inadmissible as proof of notice (*Golden* v. *Horn & Hardart Co.*, 244 App. Div. 92, affd. 270 N. Y. 544; *Cook* v. *Great Atlantic & Pacific Tea Co.*, 244 App. Div. 63, affd. 268 N. Y. 599). There is no other proof of actual or constructive notice to defendant of the egg drippings on the floor.

Without proof of notice, there is no liability on the part of defendant (*Dowling* v. *Woolworth Co.*, 16 A D 2d 672; *Sikora* v. *Apex Beverage Corp.*, 282 App. Div. 193, affd. 306 N. Y. 917).