■ ANITA CASTORINA, as Administratrix of the Estate of LENA DELL'AIRA, Deceased, et al., Appellants, v. HILLS KORVETTE SUPERMARKET, a DIVISION of E. J. KORVETTE, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, loss of services, etc., plaintiffs appeal from two judgments (duplicates) of the Supreme Court, Queens County, entered September 1, 1971 and September 14, 1971, respectively, against them and in favor of defendants, upon the trial court's dismissal of the complaint at the end of plaintiffs' case. Judgment of September 1, 1971 vacated and appeal therefrom dismissed, without costs. That judgment was superseded by the second judgment. Judgment of September 14, 1971 modified, on the law, by striking therefrom the decretal provisions in favor of defendant Hills Korvette Supermarket against plaintiffs and substituting in place thereof a provision granting a new trial as between plaintiffs and said defendant and an appropriate severance of the action. As so modified, judgment affirmed, with costs as between plaintiffs and defendant Hills Korvette Supermarket to abide the event of the new trial and with one bill of costs against plaintiffs jointly to defendant E. J. Korvette, Inc., and to defendants Levin and Arlen. The appeal did not present questions of fact. Plaintiffs' intestate fell from a broken plywood ramp maintained by defendant Hills Korvette Supermarket for the use of its customers as they pushed their shopping carts from the sidewalks in front of Hills' store to the parking lot adjacent to the store. The evidence adduced by plaintiffs indicated that one of the supports of the ramp had been broken as though an automobile had driven over the ramp. Plaintiffs' proof also indicated that the very same support had been similarly broken " a day or a week " before and was repaired by Hills by merely straightening it out. "Evidence of prior similar accidents is admissible when offered to prove the existence of a defective or dangerous condition, to prove notice, and to prove proximate cause or actionable negligence when the highway or object was in substantially the same condition as at the time of the negligence complained of and the circumstances were substantially the same " (Kaplan v. City of New York, 10 A D 2d 319, 321). Consequently, looking at plaintiffs' evidence in its most favorable light, it is clear that a question of fact was presented to the jury as to whether Hills breached a duty to its invitees in failing to prevent a reoccurrence, by placing into service a previously broken ramp, or in failing to repair the ramp in such a fashion that the same damage would not reoccur. Under these circumstances, the trial court erred in dismissing plaintiffs' complaint as to defendant Hills at the close of plaintiffs' case (Brownlee v. Hot Shoppes, 23 A D 2d 848). Rabin, P. J., Hopkins, Martuscello, Christ and Brennan, JJ., concur.