■ CONSTANCE B. RHODEMAN, Individually and as Administratrix of the Estate of NA VERNE S. RHODEMAN, Deceased, Respondent, v CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, entered on December 16, 1975, in favor of plaintiff in this wrongful death action, after trial, and after consent by plaintiff to a reduction in the amount awarded by the jury, reversed, on the law and on the facts, and matter remanded for a new trial, with $60 costs and disbursements of this appeal to abide the event. Plaintiff's husband died on December 28, 1959 and an autopsy was performed the next day. On June 6, 1960 a notice of claim was served which contained claims for (1) negligence in the transportation of the decedent, causing him to fall and (2) unlawful autopsy. When the matter came on for trial in June, 1971, plaintiff sought to add a new claim based upon improper and careless performance of an operation on her husband. The trial court found the notice of claim to be time barred. Upon appeal from this finding we modified only to the extent of reversing that portion of the judgment appealed from which had dismissed the cause of action for wrongful death. We reinstated only that cause of action, holding (39 AD2d 514) as follows: "Whatever the infirmities of the claims for surgical malpractice and autopsy without permission, they have no application to the reinstated cause, which should not have been dismissed. That cause was sufficiently described in the original timely notice of claim". A dispute arose concerning the meaning of our memorandum decision, plaintiff obviously misconstruing our determination and contending that the surgical malpractice claim should be tried because it was sufficiently described in the original notice of claim and defendant correctly taking the

view that only the claim of negligent transportation of the decedent was to be tried. Upon resettlement of the order based on this determination we said: "It is unanimously ordered that the judgment so appealed from be and the same is hereby modified, on the law, by reversal of that portion which dismissed the cause of action for wrongful death based upon alleged negligence in the transportation of the decedent from the recovery room to the ward and by reinstatement of the same". Plaintiff's counsel moved at Special Term for leave to serve an amended notice of claim so as to assert claims for "performing unnecessary surgery", employing procedures contrary to prevailing medical standards and related claims sounding in medical malpractice. Special Term denied that motion and we affirmed such denial (48 AD2d 772). Irrespective of these several determinations, which made it abundantly clear that the trial was to be limited to plaintiff's claim that defendant was negligent in the transportation of the decedent, the greater portion of the voluminous record on appeal deals with the subject of medical malpractice arising out of the subtotal gastrectomy performed on the decedent and includes extensive opinion testimony relating to surgical malpractice. This was clearly improper and prejudicial. In addition, the record discloses that the court erred in its rulings concerning the admissibility of hearsay testimony. A new trial is required on the issues of whether defendant was negligent in causing the decedent to fall and whether death was causally related to that fall. Concur—Lupiano, Silverman and Capozzoli, JJ.; Murphy, P. J., dissents in the following memorandum: On the direct examination of plaintiff's medical expert, Dr. Vorhaus, the only testimony elicited bore upon the consequences of decedent's purported fall from the stretcher. For the first time, upon cross-examination, Dr. Vorhaus was interrogated with regard to the possibilities of blood mismatching, negligent aftercare and other acts of malpractice. In view of the fact that it was defendant who first "opened the door" to the entire area of medical practice, there can be no legitimate claim that the plaintiff improperly pursued this subject in the redirect examination of Dr. Vorhaus. Moreover, it should be emphasized that one of defendant's medical experts, Dr. Weiner, was primarily called to testify to the fact that the decedent had not received an incompatible blood transfusion. Despite the irrelevant testimony with regard to medical malpractice that was introduced into the case by defendant, the court properly charged the jury on the single issue of whether the fall was a competent producing cause of the death. The testimony of Dr. Vorhaus was a sufficient predicate for the jury's conclusions that the decedent had fallen and that the fall was a competent producing cause of his death. When an admission of an agent is made during the course of and within the scope of an agent's employment, the admission is competent, although not conclusive against his principal. (*Stecher Lithographic Co. v Inman,* 175 NY 124, 128.) McWilliams, the elevator operator at the time of the occurrence, was properly permitted to testify that "Manny", the elevator starter, averred immediately after the fall that he had received "reports" that McWilliams was the cause of the decedent's fall. This admission by Manny was correctly received against his employer, the City of New York. (*Bransfield v Grand Union Co.,* 24 AD2d 586, affd 17 NY2d 474.) While Manny's admission was based upon hearsay "reports", it was still receivable as against the defendant. (*Reed v McCord,* 160 NY 330, 341.) Of course, the court struck the plaintiff's hearsay testimony that an unidentified nurse had stated the decedent had fallen from the stretcher. Hence, defendant is in no way aggrieved by that stricken testimony. The judgment should be affirmed.