■ BEATRICE MEYERS, Appellant, v FIFTH AVENUE BUILDING ASSOCIATES, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), entered October 13, 1981, which, at the close of her case at a jury trial on the issue of liability only, dismissed the complaint for failure to make out a prima facie case. Judgment affirmed, without costs or disbursements. On

February 18, 1977 plaintiff, while entering defendant's building through a revolving door, was injured when the door allegedly became stuck on a mat and collapsed, hitting her on the back of the head. There was no proof upon which a jury could find that defendant had actual or constructive notice of the dangerous or defective condition. The law is well settled in New York that the defendant must have had such notice to be held liable (see *Torregrossa v Bohack Corp,* 81 AD2d 884, 885; *Bender v Dan's Supreme Supermarkets,* 71 AD2d 636; *Sikora v Apex Beverage Corp.,* 282 App Div 193, affd 306 NY 917). Since there was no such proof here, the complaint was properly dismissed. Furthermore, plaintiff did not properly preserve for appellate review her claim that the trial court improperly ordered that the issues of liability and damages be tried separately. Pursuant to CPLR 5501 (subd 3), a ruling of the court is only preserved for review on appeal if the party seeking review made a timely objection or it appears that there was no opportunity to object (cf. *Halloran v Virginia Chems.,* 41 NY2d 386). Plaintiff did not object to the bifurcated trial. Although in the exercise of our discretion we could review this ruling regardless of the fact that it was not preserved for review, in light of the failure of proof generally we are not disposed to do so. Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.