■ ANGELINE ALBERGO, Respondent, v DEER PARK MEAT
FARMS, INC., Appellant.—In a negligence action to recover
damages for personal injuries, the defendant appeals from an
interlocutory judgment of the Supreme Court, Suffolk County
(Lama, J.), dated December 16, 1986, which, upon a jury
verdict as to liability, is in favor of the plaintiff and against it
on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with
costs.

The plaintiff claims to have sustained injury in April 1981
due to a defective wheel on a shopping cart. While pulling the
cart with her fingers between its front bars, a wheel "flew" off.
As the cart went over, the plaintiff was thrown to the floor. At
the trial, the evidence confirmed that the defendant Deer
Park Meat Farms, Inc., had no policy regarding its shopping
carts except chaining them nightly outside the store. No one
was assigned to inspect, maintain or repair them. Expert
testimony provided by the plaintiff's witness showed that
reasonable inspection of the shopping cart would have given
the defendant notice of the wheel's defective condition.

Upon a review of the record, we find the plaintiff made out
a prima facie case of negligence and the case was properly
given to the jury. We disagree with the defendant's contention
that it cannot be held liable due to its lack of notice, actual or
constructive, of the defective condition of the shopping cart
(see, Sikora v Apex Beverage Corp., 282 App Div 193, affd 306
NY 917; Meyers v Fifth Ave. Bldg. Assocs., 90 AD2d 824;
Castorina v Hills Korvette Supermarket, 39 AD2d 704; Murphy
v Board of Educ., 20 AD2d 53, appeal dismissed 16 NY2d 660).
The defendant had a nondelegable duty to maintain the
equipment on its premises in a reasonably safe condition (see,

*Rogers v Dorchester Assocs.,* 32 NY2d 553). Since there was evidence that a reasonable inspection would have uncovered the latent defect, the jury could properly conclude that the defendant was negligent and that its negligence was a proximate cause of the accident *(cf., Birdsall v Montgomery Ward & Co.,* 109 AD2d 969, *affd* 65 NY2d 913).

We also find the defendant's contention that the trial court's failure to answer the defendant's request for supplemental instructions was prejudicial to it to be without merit. Any error in this regard by the court "is not so much that an instruction is inadequate in some legal respect, but that the jury, misled by or not comprehending the original charge, remains perplexed" *(People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *see also, Lee v Mount Ivy Indus. Developers,* 31 AD2d 958). At bar, the jury, having rejected the trial court's offer to answer the questions submitted, was obviously no longer perplexed since the jury's foreman advised the court that the jury had resolved its questions and had reached a verdict. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.