■ ALEXA M. CURRADO et al., Respondents, v WALDBAUM, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. UNARCO COMMERCIAL PRODUCTS, Third-Party Defendant. [755 NYS2d 892] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.), dated March 7, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Alexa Marie Currado (hereinafter the infant plaintiff) was injured when a shopping cart in which she was riding overturned in a store operated by the defendant Waldbaum, Inc. (hereinafter Waldbaum). The plaintiffs commenced this action against Waldbaum and the infant plaintiff's grandmother, who was pushing the shopping cart. Waldbaum then commenced a third-party action against Unarco Commercial Products (hereinafter Unarco), a company that supplied it with shopping carts.

As the moving party, Waldbaum met its initial burden of establishing its entitlement to summary judgment dismissing the complaint insofar as asserted against it. However, the affidavit submitted by the plaintiffs' expert in opposition to the motion was sufficient to raise a triable issue of fact as to whether a reasonable inspection by Waldbaum of its shopping carts would have revealed the alleged defect (*see Albergo v Deer Park Meat Farms,* 138 AD2d 656 [1988]; *cf. Cataldo v Waldbaum, Inc.,* 244 AD2d 446 [1997]). Accordingly, the Supreme Court properly denied Waldbaum's motion for summary judgment.

Unarco contends that this Court should search the record and dismiss the third-party complaint and all claims asserted against it. This Court is authorized to search the record and grant summary judgment to a nonmoving and nonappealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429-430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106 [1984]; *Image Clothing v State Natl. Ins. Co.,* 291 AD2d 377, 378 [2002]). As the record reveals that no motion for summary judgment was made relating to the merits of the third-party action, we do not address Unarco's contention (*see Campos v New York City Hous. Auth.,* 295 AD2d 386, 387-388 [2002]; *Aguirre v Castle Am. Constr.,* 278 AD2d 348, 349 [2000]). Prudenti, P.J., Feuerstein, McGinity and H. Miller, JJ., concur.