■ Lauraine Sheehan et al., Appellants, v J.J. Stevens & Co., Inc., Respondent. [833 NYS2d 237]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered January 25, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A defendant property owner who moves for summary judgment in a premises liability case has the initial burden of establishing, prima facie, that it neither created the defective condition nor had actual or constructive notice of the condition for a sufficient length of time to discover and remedy it (*see Solomon v Loszynski,* 21 AD3d 366 [2005]; *McKeon v Town of Oyster Bay,* 292 AD2d 574 [2002]; *Abrams v Powerhouse Gym Merrick,* 284 AD2d 487 [2001]). Only after the defendant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]). Here, the defendant established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that it neither created nor had actual or constructive notice of the alleged defective condition,

namely, the gap between the cushion seat and the frame of the chair which caused the plaintiff Lauraine Sheehan to sustain injuries. In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399 [2002]; *cf. Currado v Waldbaum, Inc.*, 303 AD2d 442, 443 [2003]; *Dawson v National Amusements*, 259 AD2d 329 [1999]; *Albergo v Deer Park Meat Farms*, 138 AD2d 656 [1988]). Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.