■ RUBEN FONSECA, Respondent, v ANGELICA TEXTILE SERVICES, INC., Appellant, et al., Defendant. [930 NYS2d 911]—

The plaintiff, an employee of a hospital, allegedly was injured while transporting linens on a bin delivered by the defendant Angelica Textile Services, Inc. (hereinafter Angelica), which provided linen service to the hospital. According to the plaintiff, the bin, which was on wheels, suddenly stopped as he was pushing it, causing him to injure his back.

The Supreme Court properly denied that branch of Angelica's motion which was for summary judgment dismissing the fifth cause of action alleging negligence insofar as asserted against it. In opposition to Angelica's prima facie showing of its entitlement to judgment as a matter of law with respect to that cause of action, the plaintiff raised triable issues of fact as to whether Angelica created or had constructive notice of an allegedly dangerous condition relating to the bin (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Currado v Waldbaum, Inc.*, 303 AD2d 442, 443 [2003]; *Albergo v Deer Park Meat Farms*, 138 AD2d 656, 656-657 [1988]).

However, as correctly conceded on appeal by the plaintiff, the first, second, third, and fourth causes of action relating to products liability cannot be sustained against Angelica since it did not manufacture, distribute, or sell the bin (*see Sukljian v Ross & Son Co.*, 69 NY2d 89, 94-95 [1986]). Therefore, the Supreme Court should have granted that branch of Angelica's motion which was for summary judgment dismissing those

causes of action insofar as asserted against it. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.