■ DANIEL VELLA, Respondent, v ONE BRYANT PARK, LLC, et al., Appellants. [935 NYS2d 31]—

The plaintiff allegedly was injured while working as a site-safety observer in connection with the construction of a

skyscraper owned by the defendant One Bryant Park, LLC (hereinafter OBP). He allegedly fell while descending the last step of a stairway which was twice the height of the other steps, and could not steady himself with the handrail since it did not extend to that last step.

The Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence and a violation of Labor Law § 200 insofar as asserted against OBP. Labor Law § 200 codifies the common-law duty to maintain a safe work site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises, an owner moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 has the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence (*see Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 149 [2010]; *Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]). To provide constructive notice, the defect must be visible and apparent and exist for a sufficient length of time prior to the accident to permit the defendant to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Here, the defendants failed to submit evidence sufficient to make a prima facie showing that OBP did not have actual or constructive notice of the allegedly dangerous condition. The plaintiff testified at his deposition that he reported the condition of the stairway at a site-safety meeting prior to his accident, and that his complaint was reflected in the notes from that meeting. OBP's construction representative testified, at his deposition, that he was given reports from the site-safety meetings. While the defendants contend that there is no evidence that these reports were the same as the meeting notes, on a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (*see Schaffe v SimmsParris*, 82 AD3d 867 [2011]; *Robinson v 206-16 Hollis Ave. Food Corp.*, 82 AD3d 735 [2011]). In any event, the defendants failed to submit evidence sufficient to make a prima facie showing that the alleged dangerous condition did not exist for a sufficient length of time prior to the accident to permit OBP to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d at 837). Since the defendants failed to meet their prima facie burden, the burden did not shift to the plaintiff to raise a triable issue of fact (*see Zuckerman v City of*

*New York*, 49 NY2d 557, 562 [1980]). Accordingly, this branch of the motion was properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff correctly concedes that the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged a violation of Labor Law § 240 (1) (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.