■ JOHN QUINONES et al., Plaintiffs, v FEDERATED DEPARTMENT STORES, INC., et al., Appellants, and BEECHWOOD MOUNTAIN, LLC, Respondent, et al., Defendant. [939 NYS2d 134]—

On August 3, 2004, a cooking demonstration was held in the Cellar at a Macy's department store in Manhattan. A group of wooden folding chairs had been set up for customers to view the demonstration. As John Quinones (hereinafter the plaintiff) sat in a chair, it collapsed, allegedly causing him to sustain personal injuries. The plaintiff, with his wife suing derivatively, commenced this action against Federated Department Stores, Inc., and Macy's East, Inc. (hereinafter together Macy's), Beechwood Mountain, LLC (hereinafter Beechwood), and Broadway Famous Party Rental (hereinafter Broadway), alleging negligence, breach of warranty, and strict liability. Macy's moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the Supreme Court denied the motion.

" '[L]iability may not be imposed for breach of warranty or strict products liability upon a party that is outside the manufacturing, selling, or distribution chain' " (*Spallholtz v Hampton C.F. Corp.*, 294 AD2d 424 [2002], quoting *Joseph v Yenkin Majestic Paint Corp.*, 261 AD2d 512, 512 [1999]). Here,

Macy's established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of warranty and strict liability by demonstrating that it was outside the manufacturing, selling, or distribution chain. The subject chair was sold by a Bulgarian company to Beechwood, which sold it to Broadway, which sold it to Macy's, which used the chair for its customers to view cooking demonstrations. In opposition to this prima facie showing, Beechwood, the only party opposing the motion, failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Further, Macy's demonstrated its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence by submitting evidence establishing that it neither created nor had notice, actual or constructive, of the defective condition of the chair (*see Miles v Hicksville U.F.S.D.*, 56 AD3d 625, 625-626 [2008]; *Loiacono v Stuyvesant Bagels, Inc.*, 29 AD3d 537, 538 [2006]; *Levinstim v Parker*, 27 AD3d 698 [2006]). In opposition, Beechwood failed to raise a triable issue of fact. Beechwood's contention that the doctrine of res ipsa loquitur applies to this case, raised for the first time on appeal, is not properly before this Court (*see Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573, 574 [2004]; *Oliveri v Oliveri*, 251 AD2d 561 [1998]).

Accordingly, the Supreme Court should have granted Macy's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.