■ BRICE RUPERTI et al., Respondents, v AVALON GOLD, LLC, Defendant, and ROBERT J. IANNUCI et al., Appellants. [959 NYS2d 703]—In an action to recover damages for personal injuries, etc., the defendants Robert J. Iannucci and Sonia O. Ewers appeal from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated September 22, 2011, as denied that branch of their cross motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the cross motion of the defendants Robert J. Iannucci and Sonia O. Ewers which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. The defendants failed to show that they neither created nor had actual or constructive notice of the existence of the dangerous condition in the subject elevator (*see Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043 [2012]; *Vella v One Bryant Park, LLC*, 90 AD3d 645 [2011]; *Gray v City of New York*, 87 AD3d 679 [2011]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903 [2012]; *Petrillo v Town of Hempstead*, 85 AD3d 996 [2011]). Balkin, J.P., Hall, Austin and Cohen, JJ., concur.