■ JOHN MCGOUGH, Respondent, v CRYAN, INC., Doing Business as TOOMEY'S TAVERN ON THE CRIK, Appellant. [976 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated August 16, 2012, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion for summary judgment on the issue of liability, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs of disbursements.

The tip of the plaintiff's right ring finger was severed when he sat down on a bar stool at the defendant's premises. A postaccident inspection of the stool revealed that the seat of the stool was not properly secured to the frame of the stool, which produced a gap when the stool was lifted by the seat. Two of the four screws connecting the seat to the frame were missing, and one of the two remaining screws was loose. The accident occurred a few hours after the bar had opened for business and, prior to the accident, no one had complained about the condition of the subject stool. The photographs of the subject stool showed that the seat was worn and frayed, and the foam underneath the seat cover was exposed at the right front corner of the seat. The photographs also showed that the condition of the screws was readily visible when the stool was flipped over.

In a premises liability case, the defendant property owner who moves for summary judgment has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence (see *Quinones v Federated Dept. Stores, Inc.*, 92 AD3d 931 [2012]; *Sheehan v J.J. Stevens & Co., Inc.*, 39 AD3d 622 [2007]; *Loiacono v Stuyvesant Bagels, Inc.*, 29 AD3d 537 [2006]; *Austin v Lambert*, 275 AD2d 333 [2000]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "[C]onstructive

notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *see Lal v Ching Po Ng*, 33 AD3d 668 [2006]; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798 [2003]; *Monroe v City of New York*, 67 AD2d 89, 93 [1979]).

Here, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint since the defendant failed to establish, prima facie, that it maintained its premises in a reasonably safe condition and that it did not create the alleged defective condition or have actual or constructive notice of it (*see Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Alexander v New York City Hous. Auth.*, 89 AD3d 969 [2011]; *Hoffman v United Methodist Church*, 76 AD3d 541 [2010]; *cf. Sheehan v J.J. Stevens & Co., Inc.*, 39 AD3d 622 [2007]). The defendant failed to specify when it last inspected the subject stool prior to the accident. Additionally, the defendant failed to show that the alleged defective condition of the stool was latent.

The Supreme Court, however, should have denied the plaintiff's cross motion for summary judgment on the issue of liability. The plaintiff failed to establish, prima facie, when the stool allegedly became defective, and the issue of whether the defendant had constructive notice of the alleged defect should be submitted to the jury (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The defendant's remaining contentions have been rendered academic by our determination, are without merit, or are not properly before this Court. Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.