■ MARY GARRIS, Appellant, v MARC LINDEMANN, as Administrator of the Estate of ALICE LINDEMANN, Deceased, Respondent. [986 NYS2d 180]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered August 15, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she attempted to open a stuck door in the house of the defendant's decedent. The plaintiff testified at her deposition that she pushed on a panel of wood next to a pane of glass in the door. Although the door opened toward the plaintiff, the plaintiff pushed on the door in an attempt to free a part of the door that was stuck in the frame. While the plaintiff was pushing on the door, her hand slipped

and went through the glass. The plaintiff testified that she had used the same door two weeks before, and noticed that it was getting stuck and that the panes of glass were loose. The plaintiff subsequently commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

A defendant property owner who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (*see Guzman v Jewish Bd. of Family & Children's Servs., Inc.*, 103 AD3d 776, 777 [2013]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897 [2013], *lv denied* 22 NY3d 864 [2014]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see McGough v Cryan, Inc.*, 111 AD3d 900 [2013]).

Here, the defendant failed to eliminate a triable issue of fact as to whether his decedent had constructive notice of the dangerous condition. In support of his motion, the defendant submitted the plaintiff's deposition testimony, which demonstrated that a triable issue of fact existed as to whether the alleged dangerous condition was present for a sufficient length of time before the accident to have permitted the defendant's decedent to discover and remedy it (*see Sahni v Kitridge Realty Co., Inc.*, 114 AD3d 837 [2014]; *Perez v 655 Montauk, LLC*, 81 AD3d 619, 620 [2011]).

Further, "the issue of whether an injury-producing act was foreseeable is typically a question for the trier of fact to resolve" (*Singh v Persaud*, 269 AD2d 381, 382 [2000]; *see Kandkhorov v Pinkhasov*, 302 AD2d 432, 433 [2003]). A plaintiff "need not demonstrate the foreseeability of the precise manner in which the accident occurred or the precise type of harm produced in order to establish the foreseeability component of [a] tort claim[ ]" (*Di Ponzio v Riordan*, 89 NY2d 578, 583-584 [1997]).

Here, contrary to the Supreme Court's conclusion, it cannot be said as a matter of law that the plaintiff's accident was outside the class of foreseeable hazards that the property owner had a duty to prevent (*see Gurmendi v Perry St. Dev. Corp.*, 93 AD3d 635, 638 [2012]; *Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]; *Mooney v Petro, Inc.*, 51 AD3d 746, 747 [2008]; *see generally Di Ponzio v Riordan*, 89

NY2d at 584). Relatedly, the defendant failed to establish that the plaintiff's actions were of such a character as to constitute a superseding cause of her injuries which absolved him of liability (*see Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d at 1016; *Mooney v Petro, Inc.*, 51 AD3d at 747).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.