■ ELLEN BERGER, Appellant, v ALLYSON FRISCHNER et al., Respondents, et al., Defendants. [9 NYS3d 608]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Reilly, J.), dated October 2, 2013, as granted that branch of the cross motion of the defendants Allyson Frischner and Allyson Enterprises, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when a dog owned by the defendant Maria Suzanne Apostle ran under her foot while she was ascending the stairs at premises occupied by the defendant Allyson Enterprises, Inc., causing her to fall. The plaintiff commenced this action against, among others, Apostle, Allyson Enterprises, Inc., and the defendant Allyson Frischner, who was the president and owner of Allyson Enterprises, Inc. After issue was joined, Allyson Frischner and Allyson Enterprises, Inc. (hereinafter together the Allyson defendants), cross-moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against them. The Supreme Court granted the cross motion.

"An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition" (*Farrar v Teicholz*, 173 AD2d 674, 676 [1991]). To demonstrate prima facie entitlement to judgment as a matter of law in a premises liability case, a defendant must establish that it did not create a dangerous or defective condition on the property or have actual or constructive notice of its existence (*see McGough v Cryan, Inc.*, 111 AD3d 900, 900 [2013]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Schubert-Fanning v Stop & Shop Supermarket Co., LLC*, 118 AD3d 862, 863 [2014]). Here, the Allyson defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that they did not create or have actual or constructive notice of any alleged hazardous condition on the staircase.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff's contention that a triable issue of fact exists as to the Allyson defendants' negligence under the doctrine of res ipsa loquitur, raised for the first time on appeal, is not properly before this Court (*see Williams v Yang Qi Nail Salon, Inc.*, 113 AD3d 843, 845 [2014]; *Quinones v Federated Dept. Stores, Inc.*, 92 AD3d 931, 932 [2012]).

Accordingly, the Supreme Court properly granted that branch of the Allyson defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.