■ LEROY JOHNSON et al., Respondents, v NBO REALTY, INC., Appellant. [47 NYS3d 66]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated March 11, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Leroy Johnson (hereinafter the plaintiff) allegedly was injured on June 12, 2006, while working as a security guard at premises owned by the defendant, NBO Realty, Inc. (hereinafter NBO). The plaintiff was attempting to open a steel security gate that had become stuck, and in doing so, he allegedly sustained injuries. Thereafter, the plaintiff, and his wife suing derivatively, commenced this action to recover damages, inter alia, for personal injuries against NBO. NBO moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

In a premises liability case, a defendant property owner who moves for summary judgment has the initial burden of establishing that it did not create the defective condition or

have actual or constructive notice of its existence (*see Minor v 1265 Morrison, LLC*, 96 AD3d 1024 [2012]; *Quinones v Federated Dept. Stores, Inc.*, 92 AD3d 931, 932 [2012]; *Sheehan v J.J. Stevens & Co., Inc.*, 39 AD3d 622 [2007]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). "[C]onstructive notice will not be imputed where a defect is latent and would not be discoverable upon reasonable inspection" (*Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]; *see McGough v Cryan, Inc.*, 111 AD3d 900, 901 [2013]; *Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798 [2003]).

Here, the Supreme Court properly denied NBO's motion for summary judgment dismissing the complaint since it failed to establish, prima facie, that it did not have constructive notice of the allegedly defective condition of the subject security gate (*see Garris v Lindemann*, 117 AD3d 785 [2014]; *McGough v Cryan, Inc.*, 111 AD3d at 901; *Ruperti v Avalon Gold, LLC*, 103 AD3d 701 [2013]; *Hahn v Wilhelm*, 54 AD3d 896, 899 [2008]). Since NBO failed to establish its prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

NBO's remaining contentions are improperly raised for the first time on appeal. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.