Hernandes v National Wholesale Liquidators (2019 NY Slip Op 05961)





Hernandes v National Wholesale Liquidators


2019 NY Slip Op 05961


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-06361
 (Index No. 602658/15)

[*1]Maria Hernandes, etc., appellant, 
v
National Wholesale Liquidators, respondent, et al., defendant.


Albert Zafonte, Jr. (Richard Paul Stone, New York, NY, of counsel), for appellant.
Martyn & Martyn, Mineola, NY (David C. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered May 16, 2017. The order granted the motion of the defendant National Wholesale Liquidators for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff, individually and on behalf of her infant daughter, commenced this personal injury action against, among others, the defendant National Wholesale Liquidators (hereinafter NWL), alleging that the daughter sustained a laceration on her right leg at NWL's furniture store. According to the daughter, she was walking past an orange sofa on display when she noticed her injury. She then saw a sharp object sticking out of the back of the orange sofa. The floor manager who responded to the scene testified at his deposition that the sharp object was one end of an upholstery staple. NWL moved for summary judgment dismissing the amended complaint insofar as asserted against it, contending that it maintained its premises in a reasonably safe condition. The Supreme Court granted the motion, and the plaintiff appeals.
NWL established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that its employees did not cause the staple to become partially exposed, and did not have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Miles v Hicksville U.F.S.D., 56 AD3d 625, 625-626; Sheehan v J.J. Stevens & Co., Inc., 39 AD3d 622, 622-623; see generally Schubert-Fanning v Stop & Shop Supermarket Co., LLC, 118 AD3d 862, 863; Sewer v Fat Albert's Warehouse, 235 AD2d 414). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant NWL's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court