Rossi v City of New York (2023 NY Slip Op 04607)

Rossi v City of New York

2023 NY Slip Op 04607

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
LILLIAN WAN, JJ.

2021-03962
2021-06723
 (Index No. 151396/16)

[*1]Annalisa Rossi, appellant, 
v
City of New York, et al., respondents.

Krentsel Guzman Herbert, LLP (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack, Benjamin H. Pollak, and Amy Delauter of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated May 27, 2021, and (2) an order of the same court dated September 10, 2021. The order dated May 27, 2021, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education. The order dated September 10, 2021, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew her opposition to that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.
ORDERED that the order dated May 27, 2021, is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education is denied; and it is further,
ORDERED that the appeal from the order dated September 10, 2021, is dismissed as academic in light of our determination on the appeal from the order dated May 27, 2021; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In February 2016, the plaintiff, an English teacher at Intermediate School 72 in Staten Island, allegedly was injured while using a metal cart to transport materials out of a classroom. According to the plaintiff, the cart stopped suddenly, causing her right foot to collide with the cart. The plaintiff commenced this action against the defendants, City of New York and New York City Department of Education (hereinafter the DOE), to recover damages for personal injuries she allegedly sustained in connection with the accident. Thereafter, the defendants moved for summary judgment dismissing the complaint. By order dated May 27, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE. The plaintiff appeals.
A defendant has constructive notice of a dangerous condition when the condition is [*2]visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the defendants failed to establish, prima facie, that the DOE did not have constructive notice of the allegedly dangerous condition of the cart that caused the plaintiff's injuries. In support of their motion, the defendants submitted, among other things, a transcript of the plaintiff's deposition testimony. At her deposition, the plaintiff testified that in September 2015, approximately five months before she was injured, she complained about the condition of the cart to the school principal. The plaintiff further testified that in January 2016, approximately one month before the accident, her supervisor, an assistant principal at the school, observed the plaintiff "struggling" to use the cart, which "wasn't working properly." According to the plaintiff, her supervisor advised that she would speak with the principal about the issue. The DOE also submitted a transcript of the deposition testimony of the plaintiff's supervisor, who testified that prior to the accident, she did not recall the plaintiff making any complaints specifically about the condition of the cart. This conflicting testimony raised triable issues of fact as to credibility and whether the DOE had constructive notice of the allegedly dangerous condition of the cart (see Fonseca v Angelica Textile Servs., Inc., 88 AD3d 762, 762; Sheehan v J.J. Stevens & Co., Inc., 39 AD3d 622, 622-623).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE without regard to the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are either without merit or academic in light of our determination.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court